Harper, J.
We think the evidence was sufficient to shew that the defendant did dispense with the necessity .of a demand and notice. He was in conscience bound to do so. The note having been transferred before it was due, Rhodes, if he had been solvent, could not have defended himself against the payment of it, although he had retransferred to defendant the land for which it was given. From this liability the defendant was bound, in equity, to exonerate him, although as indorser merely, he had been discharged by the indorsee’s failure to demand it of the maker and give notice to him ; and very slight evidence would be sufficient to make out his agreement so to do. But the evidence, I think, is ample. He told the witness “that he had taken back the land for which Rhodes had given this note, and that he had become paymaster: that he did not mean, however, to pay it, as the property received for it was not as represented by the plaintiff.” What does this mean ? He had become paymaster — obviously that lie held himself liable to pay the note, unless he could defend himself on the ground of plaintiff’s misrepresentation of the property given for it. The defendant was liable in some way, independently of his undertaking as indorser. If Rhodes had been compelí- *413 ed to pay the note, the defendant would have been able to him. The case must be remanded to the Circuit Court, that the proper judgment may be given.
Johnson & O’Neall, Js. concurred.